[783 NYS2d 591]

In the Matter of CATHERINE THOMAS-PINKNEY (Admitted as CATHERINE MAXINE THOMAS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 20, 2004

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was disbarred by order of the District of Columbia Court of Appeals dated January 15, 2004. That order was based upon the report of the District of Columbia Board on Professional Responsibility (hereinafter the Board), which recommended her disbarment, but nevertheless endorsed the observation of the Ad Hoc Hearing Committee that the respondent is an "upstanding, generous, and respected member of her community" and found no indication that the respondent had acted with dishonest intent in her handling of client and third-party funds.

The respondent worked as a sole practitioner without clerical or support staff. She lacks bookkeeping training or law office management experience. Her practice involved primarily appointed cases under the Criminal Justice Act, civil rights cases, and legal services provided to members of her community whom she knew well. She often reduced her fee or asked medical providers for a reduction so that her client could receive a larger portion of a settlement.

The Board found, on the basis of substantially undisputed facts, that the respondent engaged in reckless misappropriation involving two different clients. In addition, she was found to have committed a number of other serious ethical violations, including failure to provide a written fee agreement in a contingency matter, failure to notify a third party of her receipt of money in which the third party had an interest; failure to promptly pay money to a third party that the third party was entitled to receive, commingling funds, and failure to keep proper records. Although a close case, the Board found that the respondent's misappropriations were reckless rather than negligent and that the facts were not so out of the ordinary as to warrant a departure from the court's presumptive rule of disbarment in reckless misappropriation cases.

The respondent emphasized to the District of Columbia Court of Appeals her lack of a prior disciplinary record, the Board's finding that she had not acted dishonestly, and her considerable service to the community. She did not argue that the findings of the Hearing Committee or the Board lack adequate support in the record, but rather, that a lengthy suspension would be more appropriate than disbarment.

Although served with the petitioner's notice pursuant to 22 NYCRR 691.3 on February 4, 2004, the respondent has failed to submit any reply claiming that any of the enumerated defenses is applicable here and has failed to demand a hearing. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred in New York based upon her disbarment by the District of Columbia Court of Appeals.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and RIVERA, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Catherine Thomas-Pinkney, admitted as Catherine Maxine Thomas, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Catherine Thomas-Pinkney, admitted as Catherine Maxine Thomas, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Catherine Thomas-Pinkney, admitted as Catherine Maxine Thomas, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Catherine Thomas-Pinkney, admitted as Catherine Maxine Thomas, has been issued a secure

pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).