Matter of Outman (2022 NY Slip Op 05003)

Matter of Outman

2022 NY Slip Op 05003

Decided on August 23, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Lizbeth González
Manuel J. Mendez
Bahaati E. Pitt
John R. Higgitt, JJ.

Motion No. 2022-02070 Case No. 2022-02114 

[*1]In the Matter of William D. Outman, II, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William D. Outman, II, (OCA Atty. Reg. No. 3002391) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 26, 1999.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, Esq., of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent William D. Outman, II, was admitted to the practice of law in the State of New York by the First Judicial Department on October 26, 1999. Respondent's registered address is in Maryland, but this Court retains jurisdiction over him as the admitting Department (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
Respondent consented to disbarment in the District of Columbia pursuant to D.C. Bar Rule XI §12. He submitted a sworn affidavit dated June 15, 2021 wherein he acknowledged that he was aware that the District of Columbia's Office of Disciplinary Counsel (ODC) had prepared charges against him alleging professional misconduct in his role as counsel to and personal representative of an estate, which included engaging in reckless misappropriation in violation of District of Columbia Rules of Professional Conduct rule 1.5(a) - failure to safeguard client property. Respondent also acknowledged that the material facts upon which the allegations of misconduct are predicated were true and that he consented to disbarment because he knew that if disciplinary proceedings based on the alleged misconduct were brought, he could not successfully defend against them. Furthermore, respondent acknowledged that his consent was freely given, he was not subject to coercion or duress, and he was fully aware of the implications of consenting to disbarment.
The District of Columbia Court of Appeals Board on Professional Responsibility filed respondent's June 15, 2021 affidavit, and a report and recommendation with the District of Columbia Court of Appeals. On July 15, 2021, the District of Columbia Court of Appeals entered an order disbarring respondent by consent pursuant to D.C. Bar Rule XI §12 and directed that it be published. The District of Columbia Court of Appeals further directed that pursuant to D.C. Bar Rule XI §12 (c), respondent's affidavit, which formed the basis for the July 15, 2021 order, was not to be publicly disclosed or otherwise made available except upon order of the court or upon written consent of the respondent.
The Attorney Grievance Committee (AGC) now moves for an order pursuant to 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why this Court should not impose discipline based on the misconduct underlying his discipline in the District of Columbia, and disbarring him from the practice of law, or, in the alternative, sanctioning him as this Court deems just and proper. The AGC served a copy of this motion by email with respondent's consent, but he did not respond, or otherwise appear in this proceeding.
In August 2021, respondent provided the AGC with a copy of the June 15, 2021 affidavit submitted to the District of Columbia Court of Appeals Board on Professional Responsibility. In compliance [*2]with D.C. Bar Rule XI §12 (c), the AGC asks that the respondent's June 15, 2021 affidavit be sealed.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be
heard in the foreign jurisdiction constituting a deprivation of due process; (2) an
infirmity of proof establishing the misconduct; or (3) that the misconduct for which the
attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
None of the aforementioned enumerated defenses are available to respondent notwithstanding his failure to assert any defenses because: respondent received notice of the charges asserted against him in the District of Columbia and freely and voluntarily consented to disbarment in response thereto; he admitted that the material facts underlying his alleged reckless misappropriation were true and that he could not successfully defend himself against them; and the misconduct for which he was disciplined in the District of Columbia would constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(a) (see 22 NYCRR 1240.13 [c]).
As such, the only issue left to decide is the appropriate sanction to impose. This Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Disbarment, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed by the District of Columbia Court of Appeals and in general accord with precedent involving arguably comparable misconduct (see Matter of Clarke, 190 AD3d 57 [1st Dept 2020]; Matter of Thomas-Pinkney, 10 AD3d 197 [2d Dept 2004]; Matter of Woodard, 252 AD2d 659 [3d Dept 1998]).
Accordingly, the AGC's motion pursuant to 22 NYCRR 1240.13 should be granted, and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York. Respondent's June 15, 2021 affidavit annexed to the AGC's motion papers as Exhibit B is to be sealed in its entirety.
All concur. IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the District of Columbia Court of Appeals, is granted, and respondent William D. Outman, II is disbarred and his name stricken from the roll of attorneys in the State of New York, effective [*3]immediately, effective the date hereof, and until further order of this Court, and
IT IS FURTHER ORDERED that respondent William D. Outman, II is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that the respondent William D. Outman, II is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and
IT IS FURTHER ORDERED that respondent's June 15, 2021 affidavit annexed to the Committee's motion papers as Exhibit B is sealed in its entirety, and IT IS FURTHER ORDERED that if respondent William D. Outman, II has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: August 23, 2022